79,897-02

# IN THE
## COURT OF CRIMINAL APPEALS
### KYLE MILLER, RELATOR
### VS.
### HONORABLE JUSTICE KAREN ANGELINI
### SITTING/PRESIDING JUSTICE, FOURTH COURT OF APPEALS
### DISTRICT SAN ANTONIO, BEXAR COUNTY, TEXAS,
### RESPONDENT

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 17 2015
Clerk

This document contains some pages that are of poor quality at the time of imaging.

# - PETITION FOR WRIT OF MANDAMUS

Comes now KYLE MILLER, Relator, an inmate Incarcerated in Bexar County Adult Detention Center, San Antonio, Bexar County, Texas, and files this Petition for Writ of Mandamus, and in support of said Petition, would show this Honorable Court the following:

## I.

On the 12th day of November, 2013, Appellant had MISTRIAL declared due to a HUNG JURY for his trial of the offense felony charge of MURDER.

## II.

Before his (Appellant) retrial, counsel James Wheat moved the 175th District Court to provide him with transcripts from the mistrial in order to prepare for retrial and cite possible perjury if it arose, and said motion was granted the 19th day of November, 2013.

## III.

In Appellant's retrial he was found guilty and after filing for Notice of Appeal after Motion for New Trial was DENIED, Appellant successfully dismissed Appellant counsel and became Pro-Se in his appeal and sought receipt of ALL transcripts from mistrial and retrial, for motion hearings as well, so as Appellant could properly cite his points of error and asked for said transcripts via motions and under Rules of Appellate Procedure 34.6(b), and non-compliance violates Rules of Appellate Procedure 33.1(1)(B) and 44.2(a); Article 1§ 3, 3a, 10 and 19 of the Texas Constitution; and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

1.

## IV.

Relator complains of Respondent and for cause of action alleges the Court's failure to abide by the United States Constitution; the Texas Constitution; and the Rules of Appellate Procedure in refusal to grant receipt of afore-mentioned transcripts, *mistrial and motion hearings*, has irreparably impaired his ability to prepare and present adequate defense and proper citing's to justify his points of error which are supported by and in said transcripts as Officer's committed perjury during motion hearings as well as mistrial in their official capacities therefore making it aggravated and aided in wrongful conviction.

## V.

Appellant is entitled to the relief he seeks from Respondent under the Fourteenth Amendment Due Process Clause of the United States Constitution; Article 1 § 3, 3a, 10, and 19 of the Texas Constitution; Rules 34.6(b), 33.1(1)(B), and 44.2(a) of the Rules of Appellate Procedure; the holdings found in *Brady V. Maryland*, 373 U.S. 83, 87 (1963); *Kyles V. Whitley*, 514 U.S. 419 (1995); and *Hardy V. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); relief found pursuant to 28 U.S.C. s 1915; and *United States ex. rel. Wilson V. McMann*; 408 F.2d 896 (CA 2 1969). See also enclosed copy of Motion sent to the Fourth Court of Appeals, San Antonio, and their responses, Exhibits A-D.

WHEREFORE, PREMISES CONSIDERED, Relator prays that this Honorable Court grant and issue a Writ of Mandamus to Respondent, directing and commanding her to produce transcripts from *motion hearings* held on *October 8, 2013*, and trial held *November 5-12, 2013*, immediately, via the Court Reporter of the 175th District Court, Bexar County, Texas, as this is as aforementioned, required, and receipt of said transcripts be set for no later than 20 days after Reporter's receipt of order so as not to push Appellant's time to file Petition for Discretionary Review farther back, as it's due October 6, 2015, Appellant requests receipt of transcripts no later than *September 15, 2015*, he so prays.

Respectfully Submitted,

_____
Relator

2.

# ACKNOWLEDGEMENT

STATE OF TEXAS    ✳    ✳    ✳    ✳    ✳

COUNTY OF BEXAR    ✳    ✳    ✳    ✳    ✳

On this the 13th day of August_____, 2015, personally appeared KYLE MILLER_____, Relator in the above and foregoing Petition for Writ of Mandamus, who deposed himself and stated that all the information contained in said Petition is true and correct.

Sworn to and signed this the 13th day of August_____, 2015.

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp.02-22-2019

_Sandra Lynn Malloy_
Notary Public

3.

 EXHIBIT A



# Fourth Court of Appeals
## San Antonio, Texas

July 16, 2014

No. 04-14-00041-CR

Kyle MILLER,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5502
Honorable Pat Priest, Judge Presiding

## O R D E R

On July 7, 2014, pro se appellant Kyle Miller advised this court that the exhibits marked Defendant's Exhibit numbers 1–4 in volume 6 of the reporter's record are not exhibits he introduced at trial, and they are in no way connected to his trial or appeal. We construe this portion of his letter as a motion to correct inaccuracies in the reporter's record. *See* TEX. R. APP. P. 34.6(e).

Appellant's motion for correction of the record is GRANTED. We order the court reporter to file a corrected record with this court within FIFTEEN DAYS of the date of this order.

If the parties cannot agree on the appropriate corrections to the record, we ORDER the court reporter to notify this court within TEN DAYS of the date of this order, and this court will issue an appropriate order. *See id.*

Appellant also moved this court to supplement the appellate record with testimony from his first trial—which ended in a mistrial. Appellant's motion to supplement the record with testimony from his mistrial is DENIED.

_____
Patricia O. Alvarez, Justice





# Fourth Court of Appeals
## San Antonio, Texas

July 22, 2015

No. 04-14-00041-CR

Kyle **MILLER**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5502
Honorable Pat Priest, Judge Presiding

# O R D E R

Sitting: Karen Angelini, Justice
    Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice

The Appellant's Motion to Obtain Transcripts of Motion Hearing is hereby DENIED.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of July, 2015.

_____
Keith E. Hottle
Clerk of Court





# Fourth Court of Appeals
## San Antonio, Texas

August 5, 2015

No. 04-14-00041-CR

Kyle MILLER,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5502
Honorable Pat Priest, Judge Presiding

# ORDER

Sitting:    Karen Angelini, Justice
           Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice

    The panel has considered Appellant's Motion Challenging Court Ruling on Production of the Transcripts From Motion Hearings and Mistrial, and the motion is DENIED.

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of August, 2015.

Keith E. Hottle
Clerk of Court

KYLE MILLER

VS.

STATE OF TEXAS

EXHIBIT D

COURT OF APPEALS, FOURTH

COURT OF APPEALS, DISTRICT

SAN ANTONIO, TEXAS

---

## MOTION CHALLENGING COURT RULING ON PRODUCTION OF THE TRANSCRIPTS FROM MOTION HEARINGS AND MISTRIAL

---

TO THE HONORABLE JUSTICES OF SAID COURT:

Comes now KYLE MILLER, Appellant Pro-Se in the above styled and numbered cause on appeal and challenges the validity as well as integrity of ruling/order to not provide mistrial transcripts from any phase, actual trial and pre-trial motion hearings, and in support of said motion would show this Honorable Court and Justices the following:

### I.

Appellant requests transcripts in the interest and pursuit of justice via appeal, and must, as a matter of equal protection, provide indigent prisoners/Appellant's with basic tools of adequate defense or appeal, when those tools are available to others for a price. A state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. Value of a transcript of prior proceedings is recognized without requiring showing of need tailored to facts. *Britt V. North Carolina*, 404 U.S. 226, 92 S. Ct. 431, 30 L. Ed. 2d 400 U.S. N.C. 1971, Constitutional Law 92 K 3227 (Formerly 92 K 250.2(1)), Costs 102 K 302.1, 102 K 302.1(1)(Formerly 102 K 302).

### II.

Appellant requests transcripts as it is an established principle that the State must, as a matter of equal protection, provide indigent prisoners with adequate tools for an adequate defense or appeal, this there is no doubt of. See *Williams V. Oklahoma City*, 395 U.S. 458, 89 S. Ct. 1818, 23 L. Ed. 2d 440 (1969), *Griffin V. Illinois*, 351 U.S. 12 76 S. Ct. 535, 100 L. Ed. 891 (1956), *Ex Parte Adams*, 768 S.W. 2d 281, 293 (Tex. Crim. App. 1989), *United States V. Bagley*, 473 U.S. 667, 682 (1985).

### III.

Appellant has no informal alternatives to obtain said transcripts and does not bear the burden of proving inadequate such alternatives to doing so as it's the responsibility of the State to produce said

...requested transcripts per the requirements of Rule 34.6(b) of the the Rules of Appellate Procedure.

## IV.

Appellant seeks mistrial transcripts and motion hearings as an explicit interest of justice to pursue meaningful and adequate citings and discovery and citing of police perjury during both trial and hearings of Motions. See *United States V. Cuffie*, 80 F. 3d 514, 517-19 (D.C. Cir. 1996); *Brady V. Maryland*, 373 U.S. 83, 87 (1963); *Kyles V. Whitley*, 514 U.S. 419 (1995). The Second Circuit has squarely held indigent state defendants have an absolute right free transcripts of *previous prosecutions ending hung juries*, *United States ex. rel. Wilson V. McMann*, 408 F. 2d 846 (CA 2 1969). See also *Roberts V. LaVallee*, 389 U.S. 40, 88 S. Ct. 194, 19 L. Ed. 2d 41 (1967). The Courts of Appeals in *Hardy V. United States*, 375 U.S. 277, 84 S. Ct. 424, 11 L. Ed. 2d 331 (1964), were ordered to order complete trial transcripts for indigent criminal defendants/appellants even for the preliminary purpose of determining whether their appeals might present non-frivolous questions for review and therefore entitle them to in forma pauperis relief pursuant to 28 U.S.C. s.1915. This is Appellant's sought request, as in criminal proceedings long experience has taught the Courts that often discovery will lead not to honest fact-finding, but on the contrary to perjury and the suppression of evidence.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully moves this Honorable Court and Justices to obtain through the 175th District Court Reporter, the transcripts from hearing on October 8, 2013, as well as the mistrial that ended as such due to hung jury that took place from November 5, 2013, through November 12, 2013, as is available under Rules of Appellate Procedure, 34.6 (b), and non-compliance with said request violates Rules of Appellate Procedure 33.1 (1)(B) and constitutes a violation as 44.2 (a) outlines as such, and the Texas Constitution, Article I § 3, 3a, 10, and 19, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### CERTIFICATE OF SERVICE

I, hereby certify a true and correct copy of the foregoing instrument was delivered to the Fourth Court of Appeals, Criminal Justice Center, 300 Dolorosa, San Antonio, Texas, 78205.

### ORDER

On this _____ day of _____, 2015, came on to be heard Appellant's Motion Challenging Court Ruling on Production of the Transcripts from Motion Hearings and Mistrial and said motion is hereby

( ) GRANTED ( ) DENIED

Signed this the _____ day of _____, 2015.

_____
Justice Presiding

2.